ANGELINA R. EBERLY AND PEYTON LYTLE, BY HIS NEXT FRIEND, A. B. EBERLY, PLAINTIFFS IN ERROR, *v.* LEWIS MOORE AND CHARLES RAYLON.

After the defendants had put in a plea in bar, they moved the court for leave to withdraw the plea, and to plead in abatement that the plaintiffs had alleged themselves to be citizens of another State, but were in reality the citizens of the same State with themselves, in consequence of which the District Court of the United States had not jurisdiction of the case.

The court allowed the motion and the plea in abatement to be filed. Being satisfied by the verdict of a jury that the allegation of the plea was true, the petition of the plaintiffs was dismissed.

In this the District Court was right. The jurisdiction has been conferred· by acts of Congress upon the courts of the United States so to supervise the various steps in a cause as to prevent hardship and injustice, and that the merits of a cause may be fairly tried.

That the plea was not artistically drawn is not a sufficient reason for reversing the judgment of the court below.

THIS case was brought up by writ of error from the District Court of the United States for the western district of Texas.

Angelina R. Eberly, and the minor, Peyton Lytle, brought ·an ·action of trespass to try title to-a tract of land ·situated ·in Falls county, in the State of Texas. The suit was brought against a number of persons, who adopted· different modes of· defence. Moore and Raybon pleaded the general issue and certain pleas of adverse possession in bar. At the succeeding term· of the court they presented a motion for leave to with-draw their answer, and plead in abatement, upon the ground that the plaintiffs, instead of being citizens of Kentucky, as they had alleged, were in reality citizens of Texas, and conse-quently that the court had no jurisdiction over the case. The motion was granted and the pleas in abatement filed. Other proceedings took place which it is not necessary to state. After the jury was impannelled, the court charged them as follows:

GENTLEMEN OF THE JURY: To give the court jurisdiction of this case, it is necessary that the plaintiffs should be non-resi-dents, or citizens of the State of Texas. The petition alleges that two of the plaintiffs, viz: Mrs. Eberly and Peyton Lytle, are citizens of the State of Kentucky. This allegation is de-nied by the plea in abatement, which avers them to be citizens of the State of Texas. Upon this issue arises the question of fact which you are to determine.

When a domicil or citizenship is once acquired in a State, a mere temporary removal will not affect it, and a citizenship elsewhere will not be acquired without a corresponding remo-val, accompanied with a *bona fide* intent for that purpose. This intent the jury must determine from all the facts and circumstances in evidence before them. The jury will simply state in their verdict whether, from the proof before them in

*Eberly et al. v. Moore et al.*

this case, Mrs. Eberly, and her grandson, Peyton Lytle, or either of them, were citizens of the States of Kentucky or Texas on the 4th November, 1855.

T. H. DUVAL,
*U. S. Dist. Judge.*

The defendants ask the court to charge, that if Texas was the natural domicil of Peyton Lytle, that is, the domicil of his birth, and if it remained so until the death of his parents, then it was not in the power of the grandmother to change his domicil by carrying him to Kentucky, and thus to confer upon him that citizenship which would give this court jurisdiction.

JNO. A. & R. GREEN,
*For Def'ts.*

The above instruction is given.

T. H. DUVAL,
*U. S. Dist. Judge.*

And the jury having heard the evidence, and argument of counsel, and the charge of the court, retired, and returned into court with the following verdict, which is in words, to wit:

"We, the jury, find, from the law and the evidence, that the domicil or residence of the plaintiffs in this case, Angelina R. Eberly, and her grandson, Peyton Lytle, never has been changed from the State of Texas, and that their domicil or residence was in the State of Texas at the commencement of this suit."

The counsel for the plaintiffs took an exception to the judgment of the court, granting permission to the defendants to withdraw their plea first filed and file one in abatement; and afterwards moved the court for judgment by default to be entered against the defendants, for want of a defence or answer; which motion being overruled by the court, the plaintiffs excepted. The jury then found that the residence of the plaintiffs was in Texas, and the court dismissed the suit.

The case was argued by *Mr. Hale* for the plaintiffs in error, and submitted on a printed argument by *Mr. Ballinger* for the defendant.

That part only of the argument of *Mr. Hale* which related to the power of the court to grant leave to the defendants to withdraw their first plea and plead in abatement can be inserted.

Ordinary questions of amendment are intrusted to the discretion of the inferior courts, and are not revisable here; but in a case of this character, the courts of law have no discretion. The 32nd section of the act of 1789, (1 Stat. at L., 91, applies, in its first clause, to the correction of formal defects or errors by a reference to other parts of the record; and in its last and more general clause, to an amendment of "any defect in the process or pleadings." It is obvious that this statute grants only the power of correcting an error occurring in the body of a pleading, and is not to be understood as authorizing the cancellation or withdrawal of the pleading itself. In the latter case there would be no "defect" to be supplied, as there would be nothing left in which to supply it. The power, then, to allow the withdrawal of an entire plea and the substitution of another, must be derived, if at all, from the common law, or the general and necessary authority of a court *in ordinationem litis*. But this general authority cannot extend to the case of amendments, because then there would have been no need of the enabling statutes. And at common law, the courts had at first no power of admitting amendments after the term.

Bac. Ab. Amendment, A.

Blackmore's case, 6 Co. R., 157.

Com. Dig. Prerogative, D., 85.

Nelson *v.* Barker, 3 McLean, 379.

Afterwards their power was considered to continue as long as the cause was "in paper."

Tidd's Pract., 697.

Bondfield *v.* Milner, 2 Burr., 1099.

The expression "in paper" appears to be strictly applied to the condition of a cause before the impannelling of a jury; but the decisions are conflicting as to the power of granting an amendment in a material point, (except to correct a vari-

ance,) after issue is taken. It is clear that an omission cannot, in the English courts, be supplied after that time.

Bye *v.* Bower, Carr and M., 262.

John *v.* Currie, 6 Carr and P., 618.

Brashear *v.* Jackson, 6 Mees. and W., 549.

Webb *v.* Hill, Mood and M., 253.

But there have been instances where a demurrer or replication was allowed to be withdrawn and a new pleading substituted. In these cases, however, it is to be noticed that the object has been to speed the cause. There is no precedent for the withdrawal of a plea in bar, to admit either a demurrer or a plea in abatement. On the contrary, it is well settled that a plea, introduced by amendment, must be to the merits of the case.

Law *v.* Law, Str., 960.

Perkins *v.* Burbank, 2 Mass., 73.

Eaton *v.* Whittaker, 6 Pick., 465.

Beach *v.* Fulton Bank, 3 Wend., 573, 576.

Waples *v.* McGee, 2 Harring, 444.

See, also, D'Wolf *v.* Rabaud, 1 Pet., 585.

Ripley *v.* Warren, 2 Pick., 592, 594—596.

Palmer *v.* Everson, 2 Cow., 417.

Engle *v.* Nelson, 1 Penns., 442.

There seem to be two rules on this subject; first, that an amendment will not, in general, be allowed, unless there is something in the record by which or on which to amend; and second, in the rare cases in which an entire new plea is permitted, it must be of a character subsequent in the natural order of pleading to the one withdrawn.

Judicial discretion can only be exercised where neither party has a legal right. When rights are involved, discretion ends, and any decision becomes the subject of appellate revision. In the present case, the defendants in error, by pleading in bar at a former term, had admitted the jurisdiction of the court and waived any objection to it.

Co. Litt., 303.

Com. Dig. Abatement, D., 9, 5.

Mostyn *v.* Fabrigas, Cowp., 161.

Bailey *v.* Dozier, 6 How., 23, 30.

Sheppard *v.* Graves, 14 How., 505, 509.

Whyte *v.* Gibbes et al., 20 How., 579, 585.

Martin *v.* Commonw., 1 Mass., 347.

Ripley *v.* Warren, 2 Pick., 592, 594.

Coffin *v.* Jones, 5 Pick., 61.

Ludlow *v.* Simond, 2 Caines Ca., 40.

Wood *v.* Mann, 1 Sumn., 578.

Hinckley *v.* Smith, 4 Watts, 433.

Chamberlain *v.* Hite, 5 Watts, 373.

And it is so expressly decided in Texas, Hart. Dig., art. 688, 691.

Drake *v.* Brander, 8 Texas, 351.

Cook *v.* Southwick, 9 Tex., 615.

Ryan *v.* Jackson, 11 Tex., 391, 400.

Wilson *v.* Adams, 15 Tex., 323.

Compton *v.* Western Stage Co., Mss. opinion.

This waiver on the part of the defendants enures to the plaintiffs, and when acted on by them, in the further prosecution of the suit, gives them a right to insist on it as conclusive. Thus Lord Eldon said, in *Iveson v. Harris*, 7 Vesey, 254, "the objection to the jurisdiction may have been waived by the defendant himself—that is, he may have pleaded so that it is incompetent to him to stay the proceeding afterwards." And this is further illustrated by the remarks of the Vice Chancellor, in *Chichester v. Donegal*, 6 Madd., 375. "I state," he says, "without exception, as a general principle, that in courts of equity, as well as courts of law, a party admitting a fact which gives jurisdiction to a court, and appearing, and submitting to that jurisdiction, on general principles and upon all the analogies known to us, can never recede, or as it is called in the Scoth law, *resile*, from these facts and withdraw that admission."

See, also, *Smith v. Elder*, 3 Johns. R., 113.

Cases are not wanting, also, in which the power of a court to permit a plea to the jurisdiction, after such a constructive admission, has been expressly denied. Thus in *Martin v. Commonw.*, 1 Mass., 353—60, the Attorney General asked

leave to plead in abatement after an imparlance in error; and objection being made by Parsons, counsel for plaintiff in error, the court unanimously refused to permit it, because the plea in abatement was offered after a plea in bar had been filed, which admitted the capacity of the plaintiff in error. In a similar case in New York, where it was shown that the general issue had been pleaded without the knowledge of the defendant, the court still refused to allow it to be withdrawn to let in a plea of coverture.

Anonymous, 3 Caines R., 102.

So permission to plead in abatement will be refused, after imparlance, though the prayer for imparlance was by mistake or through ignorance.

2 Rol., 244.

Com. Dig. Abatement, D., 9, 2.

The subject is elaborately discussed in Wood *v.* Mann, 1 Sumn., 578. And the principle is substantially affirmed by the Supreme Court of Texas in Coles *v.* Perry, 7 Texas, 109, 141.

That part only of *Mr. Ballinger's* argument which relates to the general rules of pleading can be given, omitting the references to the Texas decisions.

II. The court below had the right to permit the answer to the merits to be withdrawn and abandoned, and a plea to the jurisdiction filed; and this court will not revise the discretion which was exercised.

The general rule requiring a plea to the jurisdiction to precede a plea to the merits, or otherwise waiving the former, is of course familiar. Its reason is thus explained by Judge Story: "All pleas to the jurisdiction are objections to entering into the *litis contestatio*, and they must and ought therefore to precede the *litis contestatio*. When the party submits the merits of the case to be heard by the court on the pleadings and testimony, he admits that the court has jurisdiction for that purpose."

2 Sumner, 585; 11 Pet., 393; 14 How., 509.

But the question is, whether, if a party once pleads to the

merits, he forever forfeits all right to ask, and the court itself loses all power to permit, upon any ground whatever, such plea to be withdrawn, and an issue presented to the jurisdiction of the court. If he is led to make such plea through fraud and misrepresentation practiced upon him, or through accident or mistake, not culpable on his part, and it appears not to have prejudiced the plaintiff in any degree, but to be only an unconscionable advantage in his favor, is the mouth of the defendant forever closed, and is he placed beyond the pale of any relief? "Fraud vitiates the most solemn proceedings of courts of justice."

Duchess of Kingston's Case.

Accident, surprise, and mistake, are grounds of relief in all the transactions of life. Can it be possible that rules of pleading, fashioned by the courts for their own convenience in the administration of justice, are the only exception to the power of courts to grant relief from unconscionable advantages obtained by either of these means? "If courts could not, in cases of accident or necessity, with a view to reach the truth, give relief or indulgence on making the other party indemnity for the delay, our rules would be worse than any principles of law in common cases, which are often relieved against in equity, and sometimes at law, in the event of accident and mistake."

See Wallace _v._ Clark, (3 Woodb. and M., 359,) a case standing on very analagous ground.

The Constitution of the United States provides that "the judicial power shall extend to all cases in law and equity, arising," &c. By "cases in law" was meant suits in which legal rights are to be determined, in contradistinction to rights cognizable in equity or admiralty.

Parsons _v._ Bedford, 3 Pet., 44.

Bennett _v._ Butterworth, 11 How., 647—5.

There is no common law of the United States regulating principles of pleading and practice at law, or upon any other subject, (Wheaton _v._ Peters, 8 Pet., 658;) nor do the laws of a State have any such effect, _proprio vigore._

9 Pet., 329; 2 Curt. C. C., 94.

The Supreme Court of the United States has the power to prescribe rules of pleading and practice, in suits at common law, for the District and Circuit Courts, (act Aug. 23, 1842, sec. 6, 5 Stats., 517;) but it is a power which has never been exercised. The District Court in Texas has also the power to regulate its practice, "as shall be fit and necessary for the advancement of justice," &c., (act March 2, 1793, sec. 7, 1 Stats., 385;) and in the entire want of all other rules, it adopted its own rules of pleading and practice, conforming them to the practice of the State courts, so far as consistent with the laws of Congress and the distinctive organization of a court of law. One of the few provisions, by act of Congress, touching the pleadings in the courts of the United States, is, that those courts may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as the said courts respectively shall in their discretion and by their rules prescribe.

32d sec. Judiciary Act, 1789, 1 Stats., 91.

By the law governing the State practice, "the pleadings in all suits may be amended under the direction of the court, upon such terms as it may prescribe, at any time before the parties announce themselves ready for trial, and not thereafter."

O. & W. Dig., art. 434.

These express provisions of law intrust the amplest discretion to allow amendments of the "pleadings," and the largest measure of such discretion and control also results from the organization of the court. The exercise of that discretion cannot, upon well settled principles, be revised by this court. In Marine Ins. Co. *v.* Hodgson, 6 Cranch, 206, the defendant having filed six special pleas, was refused leave to file two others. The court say:

"This court does not think that the refusal of an inferior court to receive an additional plea or to amend one already filed can ever be assigned for error. This depends so much on the discretion of the court, which must be regulated more by the particular circumstances of every case than by any precise and known rule of law, and of which the superior

court can never become fully possessed, that there would be more danger of injury in revising matters of this kind than what might result now and then from an arbitrary or improper exercise of this discretion. It may be very hard not to grant a new trial or not to continue a cause; but in neither case can the party be relieved by writ of error, nor is the court apprised that a refusal to amend, or to add a plea, was ever made the subject of complaint in this way. The court, therefore, does not feel itself obliged to give any opinion on the conduct of the inferior court in refusing to receive these pleas. At the same time, it has no difficulty in saying that even in that stage of the proceedings, the Circuit Court might, if it had thought proper, have received these additional pleas, or admitted of any amendment in those already filed." (Pp. 48, 219.)

"The allowance or disallowance of amendments is not matter for which a writ of error lies here."

Chirac v. Reinecker, 11 Wheat., 280.
Walden v. Craig, 9 Wheat., 573.
Wright v. Hollingsworth, 1 Pet., 165.
United States v. Buford, 3 Id., 31.
Clapp r. Balch, 3 Greenl., 219.
Morgan & Smith v. Dyer, 10 Johns., 163.
Northum v. Kellogg, 15 Conn., 574.
Toby v. Claflin, 3 Sum., 380.
Calloway v. Dobson, 1 Brock, 119.

The precise question of permitting a plea to the jurisdiction after general answer to the merits was decided by Judge Story, in Dodge v. Perkins, 4 Mason, 435, in which suit was brought against a citizen of Massachusetts by an administrator, alleging citizenship of his intestate in New York. There was an answer to the merits, also denying the averment of citizenship. Judge Story held that the citizenship of the administrator must be averred, and granted leave therefor. After deciding that the question of citizenship was preliminary, and to be made by plea, and not by answer, he says: "In this case, I should feel it my duty to give the defendant a right to withdraw his answer and put in a plea, if the pos-

*Eberly et al.* v. *Moore et al.*

ture of the cause hereafter should render that course desirable to him." (P. 437; and see 1 Sum., 579.)

The general rule is thus recognised in Pennsylvania by Ch. J. Tilghman: "The pleadings are always under the control of the court. Pleas in abatement ought not to be put in after pleas in bar, unless under special circumstances, of which the court will judge."

Riddle et al. *v.* Stevens, 2 Serg. and R., 544.

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiffs, as citizens of Kentucky, commenced a suit by petition against the defendants, as citizens of Texas, for the recovery of a parcel of land in their possession. At the return of the process the defendants pleaded to the petition the general issue, and the statute of limitations, in bar of the suit.

At the next succeeding term they moved the court, upon an affidavit charging that the allegation in the petition, "that the plaintiffs were citizens of Kentucky, was untrue, and fraudulently made to induce the court to take cognizance of the cause," and that they were citizens of Texas, for leave to withdraw their pleas, and to plead this matter in abatement of the suit. This motion was allowed, and pleas in abatement were filed. One of these avers that the allegation of citizenship in said plaintiffs' petition *is* not true; that said plaintiffs *are* not citizens of Kentucky, but *are* respectively citizens of Texas; wherefore he prays the dismissal of the cause for want of jurisdiction. The plaintiffs thereupon moved the court for judgment for the want of a plea. This motion was not allowed, and thereupon the plaintiffs refused to reply to the pleas in abatement, and the court then proceeded to impannel a jury, and directed them to ascertain whether, from the proof before them, the plaintiffs, or either of them, were citizens of the States of Kentucky or Texas at the date of the writ. The jury returned as their verdict, that the domicil or residence of the plaintiffs never had been changed from the State of Texas, and that their domicil or residence was in the State of Texas at the commencement of this suit. The court dismissed their petition.

*Eberly et al. v. Moore et al.*

The plaintiffs object to the authority of the District Court to permit the withdrawal of pleas in bar, for the purpose of pleading to the jurisdiction; that a plea in bar admits the jurisdiction of the court, and the capacity of the plaintiffs to sue, and that they cannot be deprived of the benefit of that admission. The equitable jurisdiction of the courts of the United States as courts of law is chiefly exercised in the amendment of pleadings and proceedings in the court, and in the supervision of all the various steps in a cause, so that the rules and practice of the court shall be so administered and enforced as to prevent hardship and injustice, and that the merits of the cause may be fairly tried. Such a jurisdiction is essential to and is inherent in the organization of courts of justice. Bartholomew *v.* Carter, 2 M. and G., 125.

But this jurisdiction has been conferred upon the courts of the United States in a plenary form by acts of Congress. 1 Stat. at Large, p. 83, sec. 17; p. 335, sec. 7; p. 91, sec. 32.

It has been uniformly held in this court that a Circuit Court could not be controlled in the exercise of the discretion thus conceded to it. Spencer *v.* Lapsley, 20 How., 264. In the present instance the jurisdiction was properly exercised. An attempt was made, according to the affidavit on which the motion was founded, to confer upon the District Court, by a false and fraudulent averment, a jurisdiction to which it was not entitled under the Constitution. If true, this was a gross contempt of the court, for which all persons connected with it might have been subject to its penal jurisdiction.

The plaintiffs contend that the plea is a nullity, and that they were entitled to sign judgment. It is not a precise, distinct, or a formal plea, but it denies the truth of the averment of the citizenship of the plaintiffs, as they had affirmed it to be in the petition. We may say as Lord Denman said, in Horner *v.* Keppel, 10 A. and E., 17 : "Where a plea is clearly frivolous on the face of it, that is a good ground for setting it aside; but the plea here is not *quite* bad enough to warrant that remedy."

Judgment affirmed.